# Broadus Cotton Mills *v.* Alston & Gamble.

## *Assumpsit.*

(Decided April 16, 1908.  46 South. 450.)

*Bills of Exceptions; Time of Signing; Extension.*—On August 27, 1907, the court granted 60 days from the adjournment of the court within which to have a bill of exceptions signed. On the 20th of November, the judge signed an order extending the time for said signing. It does not appear when the court adjourned, or that the second order was made within the 60 days after the adjournment of the court, or before the expiration of the time previously given. Held, as it cannot be presumed that the court continued in session until September 20, the latter order was void and the bill of exceptions was not signed within the time allowed.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON. .

Assumpsit by Alston & Gamble against the Braodus Cotton Mills. From a judgment for plaintiff defendant appeal. Affirmed.

JOHN B. TALLEY, for appellant. Counsel discussess assignments of error but without citation of authority.

VIRGIL BOULDIN, for appellee. Counsel discusses assignments of error but without citation of authority.

ANDERSON, J.—The court made an order which appears in the judgment entry of date August 27, 1907, giving 60 days from the adjournment of court for bill of exceptions. The next order was signed by the judge the 20th of November extending the time, and which was over 60 days after extension. It is true the first order gave 60 days after the adjournment of the court; but there is nothing in the record to indicate when the court adjourned, and we cannot presume that it continued in session as late as September 20th. Nor does it appear from the second order that it was made within 60 days after the adjournment of court, or before the expiration of the time previously given. As the paper purporting to be a bill of exceptions was not signed within the time authorized by law, it cannot be considered by this court; and, there being no assignment of error relating to the record proper, the judgment of the circuit court must be affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.